IN THE UNITED STATES DISTRICT STATES
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHARON WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-854-D |
| | ) | |
| SKYWEST AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

Before the Court is Defendant's Notice [Doc. No. 15] informing the Court of its efforts to conduct discovery and its inability to serve Plaintiff with written discovery requests. Defendant reports that its efforts began soon after the scheduling conference on January 8, 2020, where its counsel met with Plaintiff, who appears *pro se*, and discussed a proposed discovery plan. Defendant states that it has twice sent discovery requests to Plaintiff by certified mail but all attempted deliveries have failed, and that its counsel has attempted without success to contact Plaintiff by telephone and text message. The Notice contains an informal request for guidance regarding how Defendant should proceed in order to complete discovery and prepare its defense in a timely and orderly manner.

Plaintiff, like all litigants and attorneys of record, has a "high duty to insure the expeditious and sound management of the preparation of cases for trial." *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc); *see Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011). This duty includes, at a minimum, an obligation to disclose relevant information, to answer interrogatories and produce documents as provided by Fed.

R. Civ. P. 33 and 34, and to appear for a deposition pursuant to Fed. R. Civ. P. 30. A *pro se* party must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted).

The Court appreciates Defendant's conscientious attempts to document its discovery attempts with certified mail deliveries and to avoid any intimidation of Plaintiff by employing a process server. Consistent with the Federal Rules of Civil Procedure, however, Defendant's counsel may serve its written interrogatories and document requests to Plaintiff using regular first-class mail, "mailing it to [her] last known address – in which event service is complete upon mailing." *See* Fed. R. Civ. P. 5(b)(2)(C); *see* LCvR5.4(a) (papers "will be deemed delivered if sent to the last known address given to the court"). If Plaintiff does not provide written answers, responses, or objections within 30 days as required by the applicable rules, or fails to appear for a properly noticed deposition, Defendant may proceed with filing a motion to compel or a motion for sanctions under Rule 37.

Plaintiff should be aware that if Defendant files a motion for an order compelling discovery, she may be required to pay Defendant's reasonable expenses, including attorney fees, incurred in making the motion. *See* Fed. R. Civ. P. 37(a)(5)(A). Further, if Plaintiff fails to respond to a discovery request, appear for her deposition, or obey a discovery order, the Court may impose sanctions as provided by Rule 37(b)(2)(A), up to and including a dismissal of her case.

IT IS THEREFORE ORDERED that Defendant should proceed with discovery as provided in the Federal Rules of Civil Procedure, without giving any special consideration to Plaintiff's *pro se* status.

**IT IS SO ORDERED** this 10th day of March, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge