IN THE UNITED STATES DISTRICT STATES
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHARON M. WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-19-854-D ) |
| SKYWEST AIRLINES, INC., | ) ) ) |
| Defendant. | ) |

# **O R D E R**

Before the Court is Defendant's Motion for Dismissal and Other Sanctions [Doc. No. 19], filed pursuant to Fed. R. Civ. P. 37.[1] Defendant seeks an order dismissing the action or imposing any sanction that the Court finds appropriate under the circumstances, which involve repeated failures by Plaintiff M. Sharon Wilson to fulfill her obligations as a litigant – to provide disclosures, respond to written discovery requests, comply with prior orders, and appear for a noticed deposition.

Plaintiff, who appears *pro se* in this employment discrimination action, has made no timely response. Upon consideration of the Motion and the case record, and in the exercise of discretion under LCvR7.1(g), the Court finds that the Motion should be deemed confessed and should be granted. The only question for decision by the Court is what sanction to impose.

---

[1] Under the circumstances shown by the Motion and the case record, the Court again exercises its discretion to waive the informal discovery conference required by LCvR37.1. *See* 5/20/20 Order [Doc. No. 18] at 1 n.1.

The procedural history of this case and the facts regarding Plaintiff's conduct are fully set forth in the Motion, a prior motion to compel discovery [Doc. No. 17], and prior Orders [Doc. Nos. 16, 18], and will not be repeated here. The Court is mindful that Plaintiff is proceeding *pro se*, but she must comply with the same rules as other litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). She has previously been informed of this requirement. Further, Plaintiff has repeatedly been informed of her obligations under federal discovery rules. Despite receiving notice of her responsibilities, and of possible consequences of failing to meet them, Plaintiff has failed to participate in any meaningful way in prosecuting her case or allowing Defendant to prepare a defense.

Under the circumstances shown by the Motion and the case record, the Court finds that a dismissal of Plaintiff's action is reasonable and necessary. Dismissal is "an extreme sanction appropriate only in cases of willful misconduct," should be used only when a lesser sanction would be ineffective, and requires a consideration of appropriate factors. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992); *see also LaFleur v. Teen Help*, 342 F.3d 1145, 1152 (10th Cir. 2003). Suggested factors include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921; *accord Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011). These factors "do not represent a rigid test that a district court must always apply . . . [but] are simply a non-exclusive list of sometimes-

helpful criteria or guide posts the district court may wish to consider in the exercise of what must always remain a discretionary function." *Lee*, 638 F.3d at 1323 (internal quotations omitted); *see Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).

In the Court's assessment, all these factors weigh in favor of dismissing Plaintiff's action against Defendant. Willful conduct has plainly occurred. Plaintiff has failed to participate in discovery, to comply with a discovery order, to appear for her deposition, and to respond to Defendant's motions. Plaintiff has also failed to meet deadlines set by the Scheduling Order [Doc. No. 14], under which her final lists of witnesses and exhibits were due by July 21, 2020. Defendant cannot defend Plaintiff's action without obtaining relevant information sought in discovery and obtaining timely disclosures of Plaintiff's proposed evidence. Defendant's Motion expressly requests an order of dismissal, and so has placed Plaintiff on notice that dismissal is possible. The Court has previously warned Plaintiff of the availability of this sanction. *See* 3/10/20 Order [Doc. No. 16] at 2. Finally, other sanctions, including an order that Plaintiff would be required to pay Defendant's costs and attorney fees related to discovery motions, have been ineffective to obtain compliance. *See* 5/20/20 Order at 2. In view of Plaintiff's failure to participate in the litigation or prosecute her case, Plaintiff has given the Court little choice but to order its dismissal.

IT IS THEREFORE ORDERED that Defendant's Motion for Dismissal and Other Sanctions [Doc. No. 19] is GRANTED, as set forth herein. A separate judgment shall be entered accordingly.

IT IS SO ORDERED this 24th day of July, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge